# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANICE L. DALZELL**, | ) |
| Plaintiff, | ) |
| | ) 2:05cv755 |
| v. | ) **Electronic Filing** |
| | ) |
| **MICHAEL J. ASTRUE**, Commissioner of the Social Security Administration, and **SANDRA SAUNDERS**, | ) ) ) |
| Defendants. | ) |

### MEMORANDUM OPINION

March 3, 2008

## I. INTRODUCTION

*Pro se* Plaintiff, Janice L. Dalzell ("Plaintiff" or "Dalzell"), filed a complaint alleging employment discrimination based upon disability and "race/ethnicity." In addition to her employment claims, Plaintiff made claims for libel, slander and defamation against her supervisor, Sandra Saunders[1] ("Saunders"). Defendants filed a motion to dismiss pursuant to Rules 12(b)(1), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. In an Opinion dated March 23, 2007, the Court:

1. dismissed Plaintiff's claim under the ADA;

2. permitted Plaintiff to file an amended complaint setting forth a "denial of opportunity claim" based upon a disability under the Rehabilitation Act;

3. quashed Plaintiff's service on Defendants, and gave Plaintiff additional time to serve Defendants with the amended complaint consistent with Rule 4 of the Federal Rules of Civil Procedure; and

4. dismissed all the remaining claims, with prejudice, for failure to exhaust the required administrative remedies.

Despite the clear mandate of the Court, Plaintiff filed an amended complaint again

---

[1] On June 9, 2006, the Court granted a defense motion to substitute party and dismissed Saunders from the action with prejudice.

naming Saunders as a defendant and raising claims that had been dismissed with prejudice. Plaintiff also raised numerous allegations in addition to her denial of opportunity claim. Defendants have filed a motion to dismiss Plaintiff's amended complaint, or in the alternative, a motion for summary judgment. Plaintiff has filed a response[2] and the matters are now before the Court.

## II. LEGAL STANDARDS

It is well settled that, in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). Dismissal of a complaint is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000)(citing *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)). The question is not whether the plaintiff will ultimately prevail; instead, it is whether the plaintiff can prove any set of facts consistent with the averments of the complaint which would show the plaintiff is entitled to relief. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). Under this standard, a complaint will be deemed sufficient if it adequately puts the defendant on notice of the essential elements of a cause of action. *Nami v. Fauver*, 82 F.3d at 66.

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999). However, in resolving a 12(b)(6) motion

---

[2] Plaintiff's response is woefully inadequate in that it fails to address any of the Government's arguments, and fails to point to any evidence in support of her claims.

2

to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Under this standard, administrative filings, such as the record of the case before the EEOC, may be considered by the court without converting the motion to dismiss into a motion for summary judgment. *See Pension Ben. Guar. Corp.*, 998 F.2d at 1196-97; *Arizmendi v. Lawson*, 914 F. Supp 1157, 1160-61 (E.D. Pa. 1996).

Pursuant to Fed. R. Civ. P 56(c), summary judgment shall be granted when there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. To support denial of summary judgment, an issue of fact in dispute must be both genuine and material, i.e., one upon which a reasonable fact finder could base a verdict for the non-moving party and one which is essential to establishing the claim. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Id*. The court's consideration of the facts must be in the light most favorable to the party opposing summary judgment and all reasonable inferences from the facts must be drawn in favor of that party as well. *Whiteland Woods, L.P. v. Township of West Whiteland,* 193 F.3d 177, 180 (3d Cir. 1999), *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir. 1987).

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P 56(e). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587.

**III. DISCUSSION**

    A.    <u>Sandra Saunders as Defendant</u>

This Court has already ruled on a motion to substitute the United States of America as a defendant in place of Saunders. There is no need, therefore, to revisit this issue. Defendant Sandra Saunders is dismissed with prejudice from this action.

    B.    <u>Dalzell's Retaliation Claims</u>

In her amended complaint, Dalzell alleges that because she complained about physical problems resulting from duties assigned to her, she was the victim of discriminatory retaliation. Specifically, Dalzell contends she was not given a requested job posting for her review and possible application, and in addition, she was denied a request for "Leave Without Pay."

Title VII provides the exclusive remedy for federal employees seeking redress for employment discrimination. *Brown v. General Services Administration*, 425 U.S. 820 (1976). The Supreme Court held in *Brown* that by implementing the 1972 amendment to the Civil Rights Act, Congress intended to create "an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Id.* at 829. The sole basis for federal employees to bring claims of disability discrimination in matters of hiring, placement or advancement is under the Rehabilitation Act of 1973 (the "Act"), 29 U.S.C. § 791 *et seq.* (1994). *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996); *Spence v. Straw*, 54 F.3d 196, 202 (3d Cir. 1995). The Rehabilitation Act incorporates the enforcement mechanisms and remedies of Title VII. 29 U.S.C. § 794a. Thus, Title VII preempts all other federal constitutional and statutory claims based on the same set of facts.

It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief. *McKart v. United States*, 395 U.S. 185, 193 (1969). The Third Circuit has held that the purpose of this exhaustion

4

requirement "is to promote administrative efficiency, 'respect [ ] executive autonomy by allowing an agency the opportunity to correct its own errors,' provide courts with the benefit of an agency's expertise, and serve judicial economy by having the administrative agency compile the factual record." *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) (quoting *Heywood v. Cruzan Motors, Inc.*, 792 F.2d 367, 370 (3d Cir. 1986)). "Where Title VII remedies are available, they must be exhausted before a plaintiff may file suit." *Spence v. Straw*, 54 F.3d at 200. Title VII gives the Equal Employment Opportunity Commission ("EEOC") the authority to enforce the Civil Rights Act. 42 U.S.C. § 2000e-16. *See Hornsby v. U.S. Postal Service*, 787 F.2d 87, 90 (3d Cir. 1986)( "The causes of action created by Title VII do not arise simply by virtue of the events of discrimination which that title prohibits. A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC [] for conciliation or resolution.").

In order to exhaust the administrative remedies applicable to Title VII and the Rehabilitation Act, a claimant must first attempt to informally resolve the discrimination charge by consulting with an EEO counselor within forty-five (45) days of the date of the alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1). If the matter cannot be resolved informally, a complaint must be filed with the agency within fifteen (15) days of receiving notice that the EEO counselor cannot resolve the matter. 29 C.F.R. § 1614.106. The federal agency then investigates the discrimination claim and issues a final agency decision. 29 C.F.R. §§ 1614.108, 1614.109 and 1614.110. After the final agency decision, the employee may either appeal to the EEOC, 29 C.F.R. § 1614.401, or file a civil action in the United States District Court within ninety (90) days of receiving the final decision. 29 C.F.R. § 1614.407.

Defendant contends that Dalzell failed to exhaust her administrative remedies prior to alleging a claim for retaliation in her amended complaint. Under a most liberal reading of the amended complaint, the Court is unable to find an assertion by Dalzell that she in fact

5

submitted the retaliation claim to the EEOC for conciliation or resolution. Defendant also argues that the EEO Counseling Report signed by Dalzell on January 13, 2001 indicates that the type of discrimination she complained of was "Physical Disability" only, even though one of the other options was "Retaliation/Reprisal". *See* Defendant's Exhibit B. Plaintiff however did not complete this form, it was completed by the EEO Counselor, Michael Courtney. In an attachment to her EEO Investigative Affidavit dated July 16, 2002, however, Dalzell makes mention, of possible retaliation. In discussing certain conduct and/or statements of Saunders, Dalzell stated " . . . she has consistently lied in order to discriminate against me as well as punishing [sic] me for complaining." *See* Defendant's Exhibit A. Though inartful, the statement can be construed as an accusation of retaliation based upon based upon an exercise of a protected right. The issue is whether that is enough to allow the Court to find that retaliation was within either the scope of the formal complaint or the scope of the EEOC investigation.

A victim of discrimination "is not required to exhaust administrative remedies with respect to a claim concerning an incident which falls within the scope of a prior EEOC complaint or the investigation which arose out of it, provided that the victim can still bring suit on the earlier complaint." *Waiters v. Parsons*, 729 F.2d 233, 235 (3d Cir. 1984). An EEOC investigation may look beyond the specific allegations in the formal complaint and examine an employer's entire conduct. *Id.* Events may be considered as "fairly encompassed within that complaint, either where the incident (1) falls within the scope of a prior EEOC complaint, or (2) falls within the scope of the EEOC investigation which arose out of it" *Robinson v. Dalton*, 107 F.3d at 1025.

The Court is unable to find any evidence in this record that a retaliation claim fell within the scope of the EEOC's investigation of the complaint. To the contrary, the only evidence of the investigation, the EEO Counseling Report, only refers to Dalzell's alleged physical limitations and the related discrimination. Moreover, there is no indication that the Defendant was on notice that it was being sued for anything other than discrimination based

upon Dalzell's alleged physical disability. Plaintiff's retaliation claim does not fall within the scope of her prior EEOC complaint for discrimination. *See Zezulewicz v. Port Authority of Allegheny County*, 290 F. Supp. 2d 583, 590-591 (W.D. Pa. 2003). Therefore, the Court finds that Dalzell failed to exhaust her administrative remedies with respect to her retaliation claim.

Notwithstanding Dalzell's failure to exhaust, she has also failed to set forth a *prima facie* case of retaliation. To set forth a *prima facie* case of retaliation, a plaintiff must show that (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link between the protected conduct and the adverse action. *Charlton v. Paramus Bd. of Ed.*, 25 F.3d 194, 201 (3d Cir. 1994). The gist of plaintiff's retaliation claim is that, because she complained about Saunders, she was not given a requested job posting and she was denied a request for leave without pay. The conduct complained of however fails to rise to the level of an adverse employment action. Further, Dalzell has failed to show a causal link between her protected activity and the alleged adverse actions by Defendant.

Accordingly, we will grant Defendant's motion for summary judgment as to any claims of retaliation.

### C. Dalzell's Denial of Opportunity Claim

Dalzell claims that in or around August of 2001, her supervisor denied her an opportunity to apply for a full-time position based on an alleged disability. The Rehabilitation Act of 1973, 29 U.S.C. § 701, *et. seq.*, forbids federal employers from discriminating against persons with disabilities in matters of hiring, placement or advancement. *See Shiring v. Runyon*, 90 F.3d 827, 830-31 (3d Cir. 1996). In order for an employee to make out a *prima facie* case of discrimination under the Rehabilitation Act, the employee bears the burden of demonstrating: (1) that she has a disability; (2) that she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) that she was nonetheless terminated or otherwise prevented from performing the job. *Id.* at 831. The plaintiff must make a *prima facie* showing that reasonable accommodation is

possible. If the plaintiff is able to meet these burdens, the defendant then bears the burden of proving, as an affirmative defense, that the accommodations requested by the plaintiff are unreasonable, or would cause an undue hardship on the employer. *Id.*

Dalzell is unable to satisfy her *prima facie* burden. First, Dalzell must make a *prima facie* showing that she is disabled within the meaning of the Rehabilitation Act. An "individual with a disability" is any person who "(i) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment." 29 U.S.C. § 705; *Sutton v. United Air Lines*, 527 U.S. 471, 478 (1999). Nowhere in the record does Dalzell show that she is substantially limited in one or more of her major life activities or that the Social Security Administration regarded her as having an impairment.

An individual is "substantially limited" in performing a major life activity if the individual is:

> (i) Unable to perform a major life activity that the average person in the general population can perform; or
>
> (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

*Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 762 (3d Cir. 2004)(quoting 29 C.F.R. § 1630.2(j)(1)). Dalzell has failed to allege, and/or submit evidence of, a substantial limitation of a life activity.

A person is "regarded as" having a disability if the person:

> (1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by the covered entity as constituting such limitation;
>
> (2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or
>
> (3) Has [no such impairment] but is treated by the covered entity

8

as having a substantially limiting impairment.
*Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d at 766 (quoting *Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180, 188 (3d Cir. 1999)). Again, Dalzell fails to point to any evidence[3] in the record that would allow this Court to find a material issue of fact as to whether she was regarded as having a disability.

Further, Dalzell is unable to show that she suffered an adverse employment action because of her alleged disability. In her affidavit, Dalzell averred that she learned of the full-time "reader" position when she returned from vacation on August 13, 2001. She took no action, however, until August 23, 2001, when she sent Saunders an e-mail requesting information on the job vacancy. Though Saunders was out of the office at the time, when she returned she advised Dalzell that the vacancy was posted on the Pennsylvania Career Link website. Dalzell contends that she searched the website, but was unable to locate the job posting. Assuming the application process had expired, Dalzell admits that she never informed Saunders that she was unable to locate the information on the website. Further, Dalzell admits she never contacted anyone at the Center for Human Resources about the position. Plaintiff did nothing else to locate any information concerning the position. Nothing in record indicates that Saunders, or anyone else at the Social Security Administration, did anything to prevent Dalzell from investigating and/or applying for the open position. Dalzell, therefore, suffered no adverse employment action based upon an alleged disability.

Dalzell also is unable to show that she suffered any disparate treatment. Her entire allegation is based on the fact that Saunders allegedly referred her to the career link website instead of providing her with the "requested job posting." Dalzell, however, stated in her

---

[3] In her EEO Investigative Affidavit dated July 16, 2002, Dalzell makes passing reference to a "SF10" form in which in which she informed her employer she was a disabled veteran. She indicated that she attached a statement from the Veterans Administration to the form stating she had a service related disability rated at 10%. This reference in her affidavit, however, has little evidentiary value to the issue of disability under the Rehabilitation Act.

9

affidavit that "although everyone knew the vacancy existed, no one else got a vacancy announcement from Ms. Saunders." By her admission, no one was treated better than Dalzell with regard to the job vacancy. Therefore, Dalzell is unable to show that she was singled out for disparate treatment based upon an alleged disability. Accordingly, her lost opportunity claim will be dismissed.

V. CONCLUSION

Based on the foregoing, the motion for summary judgment filed by Defendant shall be granted as to all the claims brought by Dalzell in her amended complaint. An appropriate order follows.

s/ David Stewart Cercone<br>
David Stewart Cercone<br>
United States District Judge

cc: Janice L. Dalzell
P. O. Box 284
Ashland, MT 59003

Lee J. Karl, AUSA